## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY

                Plaintiff,

     vs.

VIZIO, INC.

                Defendant.

Civil Action No. 1:12-cv-10900-DJC

## STIPULATED PROTECTIVE ORDER

      In order to expedite the flow of discovery materials, facilitate the prompt resolution of

disputes over confidentiality of discovery materials, adequately protect information the parties

are entitled to keep confidential, ensure that only materials the parties are entitled to keep

confidential are subject to such treatment, and ensure that the parties are permitted reasonably

necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R.

Civ. P. 26(c), it is hereby ORDERED THAT:

## 1.  INFORMATION SUBJECT TO THIS ORDER

      Discovery materials produced in this case may be labeled as one of three categories:

CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSEL ONLY, and RESTRICTED—

CONFIDENTIAL SOURCE CODE, as set forth in Items A through C below.  All three of the

identified categories of information shall be identified collectively in this Order by the title

"Protected Information."

A.       **Information Designated as Confidential Information**

1.       For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential or proprietary technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.  "CONFIDENTIAL INFORMATION" shall include, among other things, information of a non-party that the producing party is bound by a separate confidentiality agreement or court order to maintain in confidence and that the producing party is permitted to produce in the Action, notwithstanding the exception stated in paragraph 5.  Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.       Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or within ten (10) business days of the time copies are furnished to the receiving party.

3.       All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2 shall be designated by the producing party by informing the receiving party of the designation in writing.

4.      Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the producing party shall have a reasonable time, not to exceed ten (10) business days, to review and designate the appropriate documents as CONFIDENTIAL INFORMATION (or otherwise as appropriate) prior to furnishing copies to the receiving party.

5.      The following information is not CONFIDENTIAL INFORMATION:

a.      Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

b.      Any information that the receiving party can show was already publicly known prior to the disclosure;

c.      Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and,

d.      Any infringement or invalidity contentions served by any party in this case to the extent they do not contain Protected Information.

6.      Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a.      Outside litigation counsel of record, any other outside counsel retained by the parties for appellate purposes irrespective of whether such counsel is counsel of

3

record, supporting personnel employed in the law firm(s) of outside litigation counsel of record or outside counsel retained for appellate purposes, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

   b.   Technical advisers and their necessary support personnel, subject to the provisions of paragraphs 3A-3F below, who have signed the form attached hereto as Attachment A; the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not employees of a party) with whom counsel may deem it necessary to consult and who comply with paragraphs 3A-3F ;

   c.   Up to three (3) in-house counsel of each receiving party (and their direct clerical and support staff), who are members of at least one state bar in good standing, with responsibility for managing this litigation, provided that, before any information designated CONFIDENTIAL is disclosed to the designated in-house counsel of the receiving party, (1) the identities of the designated in-house counsel of the receiving party are disclosed in writing to the producing party, (2) the designated in-house counsel of the receiving party has executed the form attached hereto as Attachment A; (3) the executed Attachment A is made available to the producing party upon request; and (4) the producing party does not object within seven (7) calendar days;

   d.   For any patent licenses, patent assignments, or related licensing documents designated as CONFIDENTIAL, information related to monetary terms (including but not limited to royalty rates, lump sum payments, etc.) shall also be available to up to two (2) corporate employees of the receiving party who have responsibility for managing this litigation, provided that, before any information designated CONFIDENTIAL INFORMATION and related to royalty rates and lump sum payment sum is disclosed to the designated corporate

4

employee or in-house counsel of the receiving party, (1) the identities of the designated corporate employee or in-house counsel of the receiving party are disclosed in writing to the producing party, (2) the designated corporate employee or in-house counsel of the receiving party has executed the form attached hereto as Attachment A; (3) the executed Attachment A is made available to the producing party upon request; and (4) the producing party does not object within seven (7) calendar days;

e.      The Court, its personnel, stenographic reporters (under seal or with other suitable precautions determined by the Court), jurors and alternate jurors, subject to paragraph 1D below; and

f.      Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services (including jury consultants, mock jurors, and personnel at document duplication, coding, imaging or scanning services retained by outside litigation counsel for purposes of this Action).

B.      **Information Designated Confidential—Outside Counsel Only**

1.      The CONFIDENTIAL—OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes (a) commercially sensitive marketing, financial, sales, web traffic, research and development, or technical data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a  Nondisclosure Agreement ("NDA"); (c) commercially sensitive information or data relating to future products not yet commercially

released and/or strategic plans; and, (d) commercial agreements (including license agreements and licensing information), settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.  Documents marked CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL, or RESTRICTED CONFIDENTIAL shall be treated as if designated CONFIDENTIAL—OUTSIDE COUNSEL ONLY.  In determining whether information should be designated as CONFIDENTIAL—OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

2.      Documents designated CONFIDENTIAL—OUTSIDE COUNSEL ONLY and information contained therein shall be available only to the persons or entities listed in paragraphs 1.A.6.a, b, e, and f subject to any terms set forth or incorporated therein and not any person or entity listed in paragraph 1.A.6.c or d except as otherwise provided herein.

3.      For any patent licenses, patent assignments, or related licensing documents designated as CONFIDENTIAL—OUTSIDE COUNSEL ONLY, information related to monetary terms (including but not limited to royalty rates, lump sum payments, etc.) shall also be available to up to three (3) corporate employees or in-house counsel of the receiving party who have responsibility for managing this litigation, provided that, before any information designated CONFIDENTIAL—OUTSIDE COUNSEL ONLY and related to royalty rates and lump sum payment sum is disclosed to the designated corporate employee or in-house counsel of the receiving party, (1) the identities of the designated corporate employee or in-house counsel of the receiving party are disclosed in writing to the producing party, (2) the designated corporate employee or in-house counsel of the receiving party has executed the form attached hereto as

Attachment A; (3) the executed Attachment A is made available to the producing party upon request; and (4) the producing party does not object within seven (7) calendar days.

        C.      **Information Designated Restricted Confidential—Source Code**

        1.      The RESTRICTED CONFIDENTIAL—SOURCE CODE designation is reserved for CONFIDENTIAL INFORMATION that contains or substantively relates to a party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary, and/or trade secret source code.

        2.      MIT and VIZIO agree to submit a Supplemental Protective Order with restrictions on the review and disclosure of Source Code.  The parties will submit this Supplemental Protective Order prior to any discovery of Source Code.

        D.      **Use of Protected Information at Trial**

A party shall provide a minimum of two (2) calendar days' notice to the producing party in the event that a party intends to use any Protected Information during trial.  In addition, the parties will not oppose any request by the producing party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Information.

**2.  PROSECUTION BAR**

        A.  Any party may apply the designation HIGHLY CONFIDENTIAL –

           PROSECUTION BAR to Protected Information that the producing party believes

           in good faith is a type that can be included in a patent application and form the

           basis or part of the basis for one or more claims thereof, the disclosure of which to

           a person engaged in patent prosecution relating to digital television signal

7

transmission, compression, decompression, encoding and decoding would create a substantial risk of injury to the producing party.

B. Absent written consent from the producing party, any individual who receives from the producing party access to Protected Information marked HIGHLY CONFIDENTIAL – PROSECUTION BAR shall not be involved in the prosecution of patents or patent applications that are directed to digital encoding/decoding and/or compression/ decompression techniques for television signals or related hardware described within the information marked HIGHLY CONFIDENTIAL – PROSECUTION BAR that is reviewed by that individual and that is not independently known to the person who receives Protected Information marked HIGHLY CONFIDENTIAL – PROSECUTION BAR or else publicly known.  This prosecution bar begins when access to protected Information marked HIGHLY CONFIDENTIAL – PROSECUTION BAR is first received by the affected individual and shall end one (1) year after final termination or settlement of this action with respect to the party or parties represented by the affected individual.  Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.  The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney(s) who review(s) Prosecution Bar Materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm.  It is expressly agreed that attorneys who work on this matter without reviewing Prosecution Bar Materials shall not be

restricted from engaging in Prosecution Activity on matters that fall within the

Prosecution Bar.

## 3.  DISCLOSURE OF TECHNICAL ADVISERS

A.     Information designated by the producing party under any category of Protected

Information and such copies of this information as are reasonably necessary for maintaining,

defending, or evaluating this litigation may be furnished and disclosed to the receiving party's

technical advisers and their necessary support personnel as further provided herein.

B.  No disclosure of Protected Information to a technical adviser or his/her necessary

support personnel shall occur until that person has signed the form attached hereto

as Attachment A, and a signed copy has been provided to the producing party;

and to the extent there has been an objection under paragraph 3.C., that objection

is resolved according to the procedures set forth below.

C.  A party desiring to disclose Protected Information to a technical adviser shall also

give prior written notice of the intended disclosure by email to all counsel of

record in the litigation, and the producing party shall have seven (7) calendar days

after such notice is given to object in writing to the disclosure.  The party desiring

to disclose Protected Information to a technical adviser must provide the

following information for each technical adviser:  name, address, curriculum

vitae, current employer, employment history for the past ten years including a list

of every entity for which the advisor has consulted or is currently consulting, a

listing of cases in which the advisor has testified as an expert at trial or by

deposition within the preceding five years, and an identification of any patents or

patent applications in which the technical adviser is identified as an inventor or

applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

D.  A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific bates ranges of documents that are the subject of the objection.  The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party.

E.  If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser or withdraw the bates ranges that are the subject of the objection, that party shall provide notice to the objecting party.  Thereafter, the objecting party shall move the Court, within ten (10) business days of receiving such notice, for a ruling on its objection.  A failure to file a motion within the ten (10) business day period, absent an agreement of the parties to the contrary or for an extension of such ten (10) business day period, shall operate as an approval of disclosure of the identified bates ranges of Protected Information to the technical adviser.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

F.  The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser.

G.  A party who has not previously objected to disclosure of Protected Information to a technical adviser or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to a technical adviser at a later time with respect to materials or information that are produced after the time for objecting to such a technical adviser has expired. Any such objection shall be handled in accordance with the provisions set forth above in Sections 3B through F.

## 4.  CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

A.  The parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

B.  A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached, the receiving

11

party shall request that the Court cancel or modify a designation.  The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

C.    Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## 5.  LIMITATIONS ON THE USE OF PROTECTED INFORMATION

A.    All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

1.    A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

2.    A former director, officer, agent, and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of

12

which the witness has personal knowledge, which has been produced by that party and which

pertains to the period or periods of his or her employment; and

3. Non-parties may be examined or testify concerning any document

containing Protected Information of a producing party which appears on its face or from other

documents or testimony to have been received from or communicated to the non-party as a result

of any contact or relationship with the producing party or a representative of the producing party.

Any person other than the witness, his or her attorney(s), or any person qualified to receive

Protected Information under this Order shall be excluded from the portion of the examination

concerning such information, unless the producing party consents to persons other than qualified

recipients being present at the examination. If the witness is represented by an attorney who is

not qualified under this Order to receive such information, then prior to the examination, the

attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will

comply with the terms of this Order and maintain the confidentiality of Protected Information

disclosed during the course of the examination. In the event that such attorney declines to sign

such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a

protective order from the Court prohibiting the attorney from disclosing Protected Information.

4. All transcripts of depositions, exhibits, answers to interrogatories,

pleadings, briefs, and other documents submitted to the Court which have been designated as

Protected Information, or which contain information so designated, shall be filed under seal in a

manner prescribed by the Court for such filings.

5. Outside attorneys of record for the parties are hereby authorized to be the

persons who may retrieve confidential exhibits and/or other confidential matters filed with the

Court upon termination of this litigation without further order of this Court, and are the persons

13

to whom such confidential exhibits or other confidential matters may be returned by the Clerk of

the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released

except by order of the Court, to outside counsel of record, or as otherwise provided for

hereunder.  Notwithstanding the foregoing and with regard to material designated as Restricted

Confidential—Source Code, the provisions of Paragraph 1.C. are controlling to the extent those

provisions differ from this paragraph.

6.     Protected Information shall not be copied or otherwise produced by a

receiving party, except for transmission to qualified recipients, without the written permission of

the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall,

however, restrict a qualified recipient from making working copies, abstracts, digests, and

analyses of CONFIDENTIAL and CONFIDENTIAL—OUTSIDE COUNSEL ONLY

information for use in connection with this litigation and such working copies, abstracts, digests,

and analyses shall be deemed Protected Information under the terms of this Order.  Further,

nothing herein shall restrict a qualified recipient from converting or translating

CONFIDENTIAL and CONFIDENTIAL—OUTSIDE COUNSEL ONLY information into

machine readable form for incorporation into a data retrieval system used in connection with this

action, provided that access to that Protected Information, in whatever form stored or

reproduced, shall be limited to qualified recipients.

7.     At the request of any party, the original and all copies of any deposition

transcript, in whole or in part, shall be marked "CONFIDENTIAL" by the reporter.  This request

may be made orally during the deposition or in writing within fifteen (15) days of receipt of the

final certified transcript.  Deposition transcripts shall be treated by default as

CONFIDENTIAL—OUTSIDE COUNSEL ONLY until the expiration of the time to make a

14

confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

## 6.  NON-PARTY USE OF THIS PROTECTIVE ORDER

A.      A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

B.      A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any party in this case.

## 7.  NO WAIVER OF PRIVILEGE

A.      Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity.  Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials.

B.      Further, when the producing party or receiving party identifies such privileged or protected information, a receiving party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to

which the receiving party disclosed the information; 3) shall within five (5) business days of the

producing party's request return to the producing party or destroy the information and destroy all

copies thereof; and 4) shall confirm to the producing party the destruction under 3) above of all

copies of the information not returned to the producing party.  No one shall use the fact or

circumstances of production of the information in this action to argue that any privilege or

protection has been waived.  Within fourteen (14) business days after a producing party or

receiving party identifies the information, and not thereafter, the receiving party may file a

motion to compel the production of the information on the basis that: (a) the information was

never privileged or protected from disclosure; or (b) any applicable privilege or immunity has

been waived by some act other than the production of the information in this action.  The

producing party and the receiving party shall meet and confer in accordance with applicable law

or Court rules regarding any such motion to compel.  Notwithstanding this provision, no party

shall be required to return or destroy any information that may exist on any disaster recovery

backup system.

## 8.   MISCELLANEOUS PROVISIONS

A.      Any of the notice requirements herein may be waived, in whole or in part, but

only in writing signed by outside counsel of record for the party against whom such waiver will

be effective.

B.   Inadvertent or unintentional production of documents or things containing

Protected Information which are not designated as one or more of the three

categories of Protected Information at the time of production shall not be deemed

a waiver in whole or in part of a claim for confidential treatment.  With respect to

such documents, the producing party shall immediately upon discovery notify the

other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

C.  Within 60 days after the later of: 1) dismissal of all claims and defenses in this action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each party and non-party must return all materials designated by any other producing party or non-party under this Order to the producing party or non-party, or destroy such material, including all copies thereof, and provide to the producing party or non-party a written certification of compliance with this provision.  Notwithstanding this provision, outside counsel for a party or non-party are entitled to retain archival copies of all pleadings, filings, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials, even if such materials reflect

materials designated under this Order.  Notwithstanding this provision, no party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system.  Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.  .

D.  If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative, or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents.  If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is received, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

E.  Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data, or assumptions relied upon by the expert in forming any

18

opinions in this litigation and such information is not already disclosed in the expert's report.

F.  No party shall be required to identify on its respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

G.  This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

H.  The United States District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Protective Order.  After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this

Protective Order shall be resolved by the United States District Court for the District of Massachusetts.

I.   Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

J.   Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

| Plaintiff | Defendant |
|---|---|
| **MASSACHUSETTS INSTITUTE OF TECHNOLOGY** | **VIZIO, INC.** |
| By its attorneys, | By its attorneys, |
| */s/ Thomas F. Maffei* | */s/ John C. La Liberte* |
| Thomas F. Maffei (BBO 313220) | John C. La Liberte (BBO #556046) |
| Scott McConchie (BBO 634127) | SHERIN AND LODGEN LLP |
| GRIESINGER, TIGHE & MAFFEI, LLP | 101 Federal Street |
| 176 Federal Street | Boston, Massachusetts 02110 |
| Boston, Massachusetts 02110 | (617) 646-2000 |
| (617) 542-9900 | jclaliberte@sherin.com |
| tmaffei@gtmllp.com | |
| smcconchie@gtmllp.com | |
| | |
| Morgan Chu (CA 70446) | |
| David I. Gindler (CA 117824) | |
| Christopher A. Vanderlaan (CA 155628) | |
| Laura E. Evans (CA 254547) | |
| H. Annita Zhong (CA 266924) | |
| IRELL & MANELLA LLP | |
| 1800 Avenue of the Stars, Suite 900 | |

Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

IT IS SO ORDERED THIS ____ DAY OF _____, 2012.

_____
THE HONORABLE DENISE J. CASPER
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY

        Plaintiff,

   vs.

VIZIO, INC.

        Defendant.

Civil Action No. 1:12-cv-10900-DJC

## ATTACHMENT A TO THE PROTECTIVE ORDER

1.  My name is _____.

2.  I reside at _____.

3.  My present employer is _____.

4.  My present occupation or job description is _____.

5.  I have read the Protective Order dated _____, 20__, and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled *Massachusetts Institute of Technology v. VIZIO, Inc.*, Civil Action No. 1:12-cv-10900-DJC, in the United States District Court for the District of Massachusetts, Boston Division.

6.  I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSEL ONLY, RESTRICTED CONFIDENTIAL—SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PROSECUTION BAR or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSEL ONLY, RESTRICTED CONFIDENTIAL—SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PROSECUTION BAR or any similar designation, are to be returned to counsel who provided me with such material.

22

7.  I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8.  In accordance with paragraph 3C of the Protective Order (if applicable), I have attached my resume, curriculum vitae, or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past ten years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

9.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _____

Executed on _____, 20_____.