**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>VIZIO, INC.<br><br>　　　　　Defendant. | Civil Action No. 1:12-cv-10900-DJC |

**VIZIO, INC.'S ANSWER TO MIT'S COMPLAINT**
**AND COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff VIZIO, Inc. ("VIZIO"), by and through its counsel, hereby submits its Answer and Counterclaims to MIT's Complaint for patent infringement of U.S. Patent Nos. 5,187,575 ("the '575 patent") 5,218,435 ("the '435 patent"), 5,444,491 ("the '491 patent"), 5,485,210 ("the '210 patent") (collectively, the "Patents-in-Suit") as follows:

**THE PARTIES**

1.　　VIZIO admits Plaintiff Massachusetts Institute of Technology is located at 77 Massachusetts Avenue, Cambridge, Massachusetts 02319. VIZIO lacks knowledge sufficient to admit or deny the remaining allegations and therefore denies the same.

2.　　VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 2 and therefore denies the same.

3.　　VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 3 and therefore denies the same.

4. VIZIO admits MIT was a member of the "Grand Alliance." For the remaining allegations, VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 4 and therefore denies the same.

5. VIZIO admits the FCC established the Advisory Committee on Advanced Television Service. For the remaining allegations, VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 5 and therefore denies the same.

6. VIZIO admits the "Grand Alliance" provided a proposal to the ATSC, and the ATSC adopted the proposal. VIZIO denies that the Grand Alliance's proposal combined the best features of the digital approaches to high definition television. For the remaining allegations, VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 6 and therefore denies the same.

7. VIZIO admits the ATSC's standards for digital television were recommended in 1995, and that the FCC adopted portions of the ATSC's standards in 1996. For the remaining allegations, VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 7 and therefore denies the same.

8. VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 8 and therefore denies the same.

9. VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 9 and therefore denies the same.

10. VIZIO denies the allegations in Paragraph 10.

11. VIZIO admits it is a corporation organized under the laws of the State of California and has a principal place of business at 39 Tesla, Irvine, CA 92618. VIZIO admits that it sells audiovisual products, such as digital televisions, Blu-ray disc players, and home

theater and audio systems. VIZIO admits it sells products at Walmart, Target, and Sears, and through the online websites www.amazon.com, www.walmart.com, www.target.com, and www.vizio.com. VIZIO lacks knowledge sufficient to admit or deny the allegations that VIZIO's Accused Products comply with certain standards without further explanation of the standards, and therefore denies the same. VIZIO denies the remaining allegations in Paragraph 11.

## JURISDICTION AND VENUE

12. VIZIO admits this action purports to arise under the Patent Laws of the United States, Title 35, United States Code, and that this Court has jurisdiction over the subject matter of this action. VIZIO denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim against VIZIO.

13. VIZIO does not contest this Court has personal jurisdiction over it, but VIZIO denies it has committed any act of infringement. VIZIO denies the remaining allegations in Paragraph 13.

14. Denied.

## COUNT I
### (Infringement of U.S. Patent No. 5, 187,575)

15. VIZIO re-alleges and incorporates by reference the preceding Paragraphs.

16. VIZIO admits that U.S. Patent No. 5,187,575 ("the '575 patent") states as its title "Source Adaptive Television System." VIZIO admits that on its face, the '575 patent lists an issuance date of February 16, 1993. VIZIO admits a copy of the '575 patent was attached to the Complaint as Exhibit A. VIZIO denies the remaining allegations in Paragraph 16.

17. VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 17 and therefore denies the same**.**

18. VIZIO denies Paragraph 18.

19. VIZIO denies Paragraph 19.

20. VIZIO denies Paragraph 20.

21. VIZIO denies Paragraph 21.

22. VIZIO denies Paragraph 22.

23. VIZIO denies Paragraph 23.

24. VIZIO denies Paragraph 24.

## COUNT II
### (Infringement of U.S. Patent No. 5, 218,435)

25. VIZIO re-alleges and incorporates by reference the preceding Paragraphs.

26. VIZIO admits that U.S. Patent No. 5,218,435 ("the '435 patent") states as its title "Digital Advanced Television Systems." VIZIO admits that on its face, the '435 patent lists an issuance date of June 8, 1993. VIZIO admits a copy of the '435 patent was attached to the Complaint as Exhibit A. VIZIO denies the remaining allegations in Paragraph 26.

27. VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 27 and therefore denies the same.

28. VIZIO denies Paragraph 28.

29. VIZIO denies Paragraph 29.

30. VIZIO denies Paragraph 30.

31. VIZIO denies Paragraph 31.

32. VIZIO denies Paragraph 32.

33. VIZIO denies Paragraph 33.

34. VIZIO denies Paragraph 34.

## COUNT III
### (Infringement of U.S. Patent No. 5, 444,491)

35. VIZIO re-alleges and incorporates by reference the preceding Paragraphs.

36. VIZIO admits that U.S. Patent No. 5,444,491 ("the '491 patent") states as its title "Television System with Multiple Transmission Formats." VIZIO admits that on its face, the '491 patent lists an issuance date of August 22, 1995. VIZIO denies the remaining allegations in Paragraph 36.

37. VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 37 and therefore denies the same.

38. VIZIO denies Paragraph 38.

39. VIZIO denies Paragraph 39.

40. VIZIO denies Paragraph 40.

41. VIZIO denies Paragraph 41.

42. VIZIO denies Paragraph 42.

43. VIZIO denies Paragraph 43.

## COUNT IV
### (Infringement of U.S. Patent No. 5, 485,210)

44. VIZIO re-alleges and incorporates by reference the preceding Paragraphs.

45. VIZIO admits that U.S. Patent No. 5,485,210 ("the '210 patent") states as its title "Digital Advanced Television Systems." VIZIO admits that on its face, the '210 patent lists an issuance date of January 16, 1996. VIZIO denies the remaining allegations in Paragraph 45.

46. VIZIO lacks knowledge sufficient to admit or deny the allegations in Paragraph 46 and therefore denies the same.

47. VIZIO denies Paragraph 47.

48. VIZIO denies Paragraph 48.

49. VIZIO denies Paragraph 49.

50. VIZIO denies Paragraph 50.

51. VIZIO denies Paragraph 51.

52. VIZIO denies Paragraph 52.

## AFFIRMATIVE DEFENSES

53. Without admitting or acknowledging that it bears the burden of proof, and reserving its right to amend its Answer to add additional Affirmative Defenses, VIZIO pleads the following Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE
(Noninfringement)

54. VIZIO has not infringed, induced the infringement of, contributed to the infringement of, or otherwise directly or indirectly infringed any valid, enforceable claim of the Patents-in-Suit asserted by Plaintiff.

### SECOND AFFIRMATIVE DEFENSE
(Invalidity)

55. The asserted claims of the Patents-in-Suit are invalid for failure to comply with the requirements for patentability specified in, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE
(Laches)

56. Plaintiff's attempted enforcement of the Patents-in-Suit against VIZIO and any claim for damages is barred in whole or in part under the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

57. Plaintiff's attempted enforcement of the Patents-in-Suit against VIZIO is barred in whole or in part under the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

58. On information and belief, Plaintiff and/or its licensees have failed to mark or cause to be marked patented articles with the numbers of the Patents-in-Suit.

59. 35 U.S.C. § 287 precludes Plaintiff from recovering any damages for alleged infringement, if any, that occurred prior to the time it provided the required notice to VIZIO.

## SIXTH AFFIRMATIVE DEFENSE
### (License and/or Exhaustion)

60. To the extent that Plaintiff has licensed or otherwise exhausted its rights and remedies as to products or services that are accused by way of Plaintiff's Complaint, VIZIO is not liable to Plaintiff for any alleged acts of infringement related to such products or services.

## SEVENTH AFFIRMATIVE DEFENSE
### (FRAND)

61. To the extent Plaintiff asserts the Patents-in-Suit are essential to practice the ATSC or MPEG-2, or MPEG-4 standards, or that VIZIO's Accused Products allegedly infringe the Patents-in-Suit because the Accused Products comply with the ATSC, MPEG-2, or MPEG-4 standards, Plaintiff is required to license the Patents-in-Suit on fair, reasonable, and nondiscriminatory terms.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

62. Plaintiff fails to state a claim against VIZIO upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## NINTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

63. Plaintiff is not entitled to injunctive relief as, at a minimum, it has no irreparable injury and it has an adequate remedy at law for VIZIO's alleged infringement.

### TENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

64. Under the doctrine of prosecution history estoppel, Plaintiff is estopped from asserting the doctrine of equivalents as to arguments and amendments made to obtain allowance of the patent applications that issued as the Patents-in-Suit.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Time Limitation on Damages)

65. 35 U.S.C. § 286 precludes Plaintiff from recovering any damages for alleged infringement of the Patents-in-Suit, if any, that occurred more than six years prior to the filing of the complaint.

### PRAYER FOR RELIEF

WHEREFORE, VIZIO requests entry of judgment in its favor and against Plaintiff as follows:

a. Dismissal of the Complaint with prejudice;

b. That Plaintiff take nothing by reason of this lawsuit;

c. That this Court adjudge that VIZIO has not infringed any of the Patents-in-Suit;

d. That this Court adjudge that the Patents-in-Suit are invalid and/or unenforceable;

e. That this Court award costs and attorneys' fees in favor of VIZIO to the extent appropriate and permitted by law; and

f. Such other and additional relief as the Court may deem proper.

### DEFENDANT'S COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff VIZIO, Inc. ("VIZIO") hereby counterclaims against Massachusetts Institute of Technology ("MIT") as follows:

203267257 v4

## THE PARTIES

66. Counterclaim-Plaintiff VIZIO is a corporation organized and existing under the laws of the State of California with its principal place of business at 39 Tesla, Irvine, California 92618. VIZIO is a leading seller of LCD display televisions in the United States.

67. Counterclaim-Defendant MIT is a university located at 77 Massachusetts Avenue, Cambridge, Massachusetts 02139.

68. MIT claims to be the owner of the Patents-in-Suit. MIT has charged VIZIO with infringement of the Patents-in-Suit. VIZIO has denied the charge of infringement and has alleged the Patents-in-Suit are invalid and unenforceable.

## JURISDICTION AND VENUE

69. This Court also has jurisdiction over these counterclaims based upon the Patent Laws of the United States, 35 U.S.C. § 1, *et. seq.* This is also an action for declaratory judgment arising under 28 U.S.C. § 2201 based on an actual controversy between MIT and VIZIO due to MIT's allegations of infringement of the Patents-in-Suit.

70. Personal jurisdiction is proper in this judicial district at least because MIT is a resident of this judicial district, and MIT has consented to jurisdiction in this judicial district by filing its Complaint against VIZIO in this Court.

71. Venue for these counterclaims is proper in this district.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Invalidity and/or Noninfringement)

72. VIZIO re-alleges and incorporates by reference the allegations set forth in Paragraphs 66-71.

73. VIZIO seeks a declaratory judgment that the Patents-in-Suit, including each of the claims thereof, are invalid for failure to comply with the requirements of the patent statutes,

including but not limited to the failure to comply with the conditions and requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

74. VIZIO seeks a declaratory judgment of noninfringement that the claims of the Patents-in-Suit cannot be validly construed to cover any product or service made, sold, used, offered for sale, or imported by VIZIO in the United States.

## PRAYER FOR RELIEF

WHEREFORE, VIZIO prays for relief as follows:

A. That this Court declare and decree that VIZIO has not infringed, has not willfully infringed, contributed to the infringement of, induced infringement of, and does not infringe any of the claims of the '575, '435, '491, and '210 patents;

B. That this Court declare and decree that the '575, '435, '491, and '210 patents are invalid and/or unenforceable;

C. Enter judgment that this is an exceptional case under the provisions of 35 U.S.C. §285 in favor of VIZIO, and award VIZIO its costs and reasonable attorneys' fees incurred as a result of this action; and

D. For such other and further relief as the Court deems just and proper.

## Jury Demand

VIZIO, Inc. demands a trial by jury on all issues so triable.

        Respectfully submitted,

        VIZIO, Inc.

        By its attorneys,

        /s/ John C. La Liberte
        John C. La Liberte (BBO #556046)
        SHERIN AND LODGEN LLP
        101 Federal Street
        Boston, Massachusetts 02110
        (617) 646-2000
        jclaliberte@sherin.com

Dated: February 28, 2013

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 28, 2013, he caused to be served a true and correct copy of the foregoing VIZIO's Answer to MIT's Complaint and Counterclaims to all counsel of record via ECF filing.

/s/ John C. La Liberte