**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>          Plaintiff,<br><br>    vs.<br><br>VIZIO, Inc.,<br><br>          Defendant. | Civil Action No. 1:12-cv-10900-DJC<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S ANSWER**
**TO DEFENDANT VIZIO INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant Massachusetts Institute of Technology ("MIT"), by and through its undersigned counsel, hereby answers Defendant and Counterclaim-Plaintiff VIZIO, Inc.'s ("VIZIO") Answer and Counterclaims (Dkt. No. 22) to MIT's Complaint for patent infringement of U.S. Patent Nos. 5,187,575; 5,218,435; 5,444,491; and 5,485,210 (collectively, the "Patents-in-Suit") as follows:

**THE PARTIES**

1. Answering the allegations of Paragraph 66, MIT admits on information and belief that VIZIO is a corporation organized and existing under the laws of the State of California with its principal place of business at 39 Tesla, Irvine, California 92618. MIT admits that VIZIO sells LCD display televisions in the United States, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 of the Counterclaims and therefore denies them.

2. Answering the allegations of Paragraph 67, MIT admits that it is a university located at 77 Massachusetts Avenue, Cambridge, Massachusetts 02139.

3. Answering the allegations of Paragraph 68, MIT admits that it is the owner of the Patents-in-Suit, and has charged VIZIO with infringement of the Patents-in-Suit.  MIT admits that, in its Answer and Counterclaims, VIZIO has denied the charge of infringement and has alleged that the Patents-in-Suit are invalid and unenforceable.

## JURISDICTION AND VENUE

4. Answering the allegations of Paragraph 69, MIT admits that VIZIO's Counterclaims purport to allege an action for declaratory judgment arising under the patent laws of the United States and the Federal Declaratory Judgment Act, over which this Court has subject matter jurisdiction.

5. Answering the allegations of Paragraph 70, MIT admits that MIT is a resident of this judicial district and does not contest personal jurisdiction in this Court.

6. Answering the allegations of Paragraph 71, MIT admits that venue is proper in this judicial district.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Invalidity and/or Noninfringement)

7. MIT incorporates by reference its responses to the allegations in Paragraphs 66-71 of VIZIO's Counterclaims as if fully set forth herein.

8. Answering the allegations of Paragraph 73, MIT admits that VIZIO purports to seek a declaratory judgment but denies that VIZIO has any basis for its requested relief, and denies each and every other allegation set forth in Paragraph 73 of the Counterclaims.

9. Answering the allegations of Paragraph 74, MIT admits that VIZIO purports to seek a declaratory judgment but denies that VIZIO has any basis for its requested relief, and denies each and every other allegation set forth in Paragraph 74 of the Counterclaims.

10. All allegations in the Counterclaims not specifically admitted herein are denied.

## FIRST DEFENSE

11. VIZIO's counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## SECOND DEFENSE

12. VIZIO is estopped from obtaining the relief requested.

## THIRD DEFENSE

13. VIZIO has waived its right to the relief requested.

## FOURTH DEFENSE

14. MIT hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery in this case, and hereby reserves the right to further amend its answer to assert any such defense.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested in MIT's Complaint for Patent Infringement (Dkt. No. 1), MIT prays that the Court enter judgment as follows:

A. That the Patents-in-Suit are not invalid and not unenforceable;

B. That VIZIO has infringed the Patents-in-Suit;

C. That VIZIO take nothing by way of its Counterclaims;

D. That VIZIO's Counterclaims be dismissed with prejudice;

E. That MIT be awarded its costs of suit;

F. That MIT be awarded such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

MIT hereby demands a trial by jury for all issues so triable.

|  |  |
|---|---|
|  | **MASSACHUSETTS INSTITUTE OF TECHNOLOGY** |
|  | By its attorneys, |
|  | */s/ Thomas F. Maffei*<br>Thomas F. Maffei (BBO 313220)<br>Scott McConchie (BBO 634127)<br>GRIESINGER, TIGHE & MAFFEI, LLP<br>176 Federal Street<br>Boston, Massachusetts 02110<br>(617) 542-9900<br>tmaffei@gtmllp.com<br>smcconchie@gtmllp.com |
|  | Morgan Chu (CA 70446)<br>David I. Gindler (CA 117824)<br>Christopher A. Vanderlaan (CA 155628)<br>Laura E. Evans (CA 254547)<br>H. Annita Zhong (CA 266924)<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>Telephone: (310) 277-1010 |
| Dated:  April 22, 2013 | Facsimile: (310) 203-7199 |

## **CERTIFICATE OF SERVICE**

I, Thomas F. Maffei, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 22, 2013.

/s/ *Thomas F. Maffei*
Thomas F. Maffei