**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br> Plaintiff, <br><br> vs. <br><br> VIZIO, INC., <br><br> Defendant. | Civil Action No. 1:12-cv-10900-DJC |

**JOINT STATEMENT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rules 16.1 and

16.6, Plaintiff Massachusetts Institute of Technology ("MIT") and Defendant VIZIO, Inc.

("VIZIO") hereby submit this Joint Statement for consideration by the Court.

## I.      SUMMARY OF LIABILITY AND RELIEF SOUGHT

### 1.  MIT'S POSITION

This is a patent infringement case involving four patents asserted by MIT against VIZIO

in the general area of digital television ("DTV") and related technology.  MIT is a preeminent

research university located in Cambridge, Massachusetts, dedicated to the advancement of

knowledge and education of students in science, technology, and other areas of scholarship.  The

patents asserted by MIT are part of a larger portfolio that includes fundamental U.S. and foreign

patents developed by MIT prior to the widespread adoption of digital television.  The patents

pertain to a variety of aspects of digital television standards, including certain Motion Picture

Experts Group ("MPEG") and Advanced Television Systems Committee ("ATSC") standards.

2823128

MIT has licensed this valuable portfolio on standard terms to every major HDTV manufacturer—with the sole exception of VIZIO, who has thus far refused to take a license on the same terms as other manufacturers.

VIZIO makes, uses, provides, sells, and offers to sell products that allegedly infringe the asserted patents in part by practicing the relevant MPEG and ATSC standards.  Such products include digital TVs, blu-ray players, and home theater systems.  MIT alleges that VIZIO's infringement has been and continues to be willful.  Accordingly, MIT seeks damages for infringement, increased damages for willful infringement, and attorney's fees and costs.  Based on publicly available information about VIZIO's revenues over the course of its allegedly infringing activities, MIT expects that VIZIO's liability will be at least in the tens of millions of dollars before enhancement.

## 2.  VIZIO'S POSITION

VIZIO is a leading seller of digital televisions, and other related products, in the United States.  VIZIO does not make any of its products—all of its products are supplied by foreign manufacturers.

MIT filed this action allegedly without any prior notice or communication with VIZIO concerning its claims of infringement.  In fact, all four patents-in-suit are now expired.  VIZIO denies any infringement of the patents-in-suit, and asserts that one or more claims of the patents-in-suit are invalid and/or unenforceable against VIZIO.  VIZIO alleges that MIT is barred from recovering any pre-suit damages on the patents-in-suit due to laches—MIT allegedly delayed longer than 6 years before filing suit.  VIZIO also alleges that MIT is barred from recovering any pre-suit damages on the '575 and '491 patents due to failing to provide proper notice to VIZIO of any alleged infringement.

In view of MIT's position that the patents-in-suit are essential to practice certain digital television standards, MIT has a duty to license the patents-in-suit on fair, reasonable, and non-discriminatory ("FRAND") terms, according to its obligations with the standards developing organizations. To the extent MIT is capable of obtaining any damages for infringement, MIT's damages are limited to the proper FRAND rate for its patents.

VIZIO requests that this Court issue a judgment: that MIT take nothing by its complaint; declaring no infringement by VIZIO of any asserted patent claim; declaring each asserted patent claim to be invalid and/or unenforceable against VIZIO; declaring MIT's claim for pre-suit damages is barred by laches and lack of notice; declaring this case to be exceptional under 35 U.S.C. § 285 and awarding attorneys' fees, expenses, and costs to VIZIO.

## II.   DISCOVERY PLAN

### 1.   INITIAL DISCLOSURES

The parties do not propose any changes to the form or requirement for disclosures under Federal Rule of Civil Procedure 26(a)(1). The parties have agreed to exchange initial disclosures on June 11, 2013.

### 2.   SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

The parties propose that discovery may be needed on at least the following subjects:

- The patents-in-suit, prosecution of the patents-in suit, and development of the underlying inventions;

- Claim construction;

- The research, development, design, manufacture, and functionality of the accused VIZIO products and/or processes;

- Facts relating to MIT's claims of infringement;

- Facts relating to MIT's claims of willful infringement;

- Facts relating to MIT's claims for damages and its FRAND obligations;

- Facts relating to VIZIO's affirmative defenses, including laches;

- Prior art, or potential prior art, to the patents-in-suit, and facts relating to VIZIO's claims of invalidity and unenforceability;

- MIT's involvement in the development of the ATSC and MPEG standards; and

- Any other subject reasonably related to the allegations presented in this lawsuit.

### 3.  WHEN DISCOVERY SHOULD BE COMPLETED

The parties' proposed schedule is reflected in Section III.1.

### 4.  WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR LIMITED TO PARTICULAR ISSUES

The parties agree that discovery should not be conducted in phases or limited to any

particular issues.

### 5.  ELECTRONICALLY STORED INFORMATION

The parties shall reasonably cooperate to agree upon the scope of discovery for

electronically stored information ("ESI"), the format and media for the production of ESI, the

procedure for such production, and the issues contained in L.R. 16.6(A)(7).  Additional proposals

for dealing with ESI are found in Section IV.7

### 6.  ANY ISSUES ABOUT CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS

On December 6, 2012, the parties submitted a joint proposed Protective Order to govern

and be entered in this case.  The Protective Order addresses and resolves issues regarding claims

of privilege or other protections and how to assert such claims after any inadvertent production.

As set forth in the stipulated December 6, 2012 Protective Order, the parties have agreed to

submit a Supplemental Protective Order with restrictions on the review and disclosure of Source

Code; the parties will submit this Supplemental Protective Order prior to any discovery of Source Code.

### 7. DISCOVERY LIMITATIONS

#### A. DEPOSITIONS

##### i. FACT WITNESS DEPOSITIONS

MIT proposes a limitation of 100 hours of fact witness deposition testimony per party before any party must seek leave to take additional depositions. Expert depositions would not count against this limit. Because there are four patents-in-suit, and because there may be extensive third party discovery in light of the fact that all of VIZIO's products are manufactured by third parties, MIT believes that 100 hours of fact witness deposition testimony is necessary and appropriate.

VIZIO proposes a limitation of 75 hours of fact witness deposition testimony per party before any party must seek leave to take additional depositions. While third party depositions may be required, MIT only needs a limited number of depositions of VIZIO's employees because VIZIO does not manufacture its products. The lack of VIZIO depositions offsets any additional time needed for third parties. Further, the patents-in-suit cover similar technology which will not require excessive deposition time. VIZIO asserts 75 hours of fact witness deposition testimony is sufficient for this case. Expert depositions would not count against this limit.

The parties agree that any deposition requiring a translator will be treated for purposes of the overall hours limitation, and any limitations under the Federal Rules of Civil Procedure, as giving 0.4 hours of testimony for every one hour of examination.

### ii.      EXPERT WITNESS DEPOSITIONS

The parties agree that each party may depose each expert for 10 hours while reserving their rights to move the court for extra time if circumstances so warrant.

In the event that an expert submits a supplemental report after the expert's deposition has been taken, the parties shall reasonably cooperate to agree upon a reasonable amount of additional deposition time for that expert if such report is allowed and either of the parties believes it to be necessary to discover the bases for the expert's supplemental report.

### B.      REQUESTS FOR PRODUCTION

The parties agree that there is no default limit on either the number of requests for production or the number of sets of requests for production.

### C.      REQUESTS FOR ADMISSION

The parties agree to a limit of 25 requests for admission, excluding requests for admission directed at authentication and/or other issues of admissibility.  The parties further agree to work on a stipulation regarding issues of admissibility at the appropriate time to avoid requests for admission directed at such issues where possible.

### D.      INTERROGATORIES

The parties propose that the standard limitation of 25 interrogatories, the presumptive limit set forth under Local Rule 26.1, apply to this matter.

### E.      DATE CUTOFF

The parties have agreed that no party shall be required to identify on its respective privilege log any document or communication created on or after May 18, 2012, which absent this agreement, the party would have been obligated to identify on said privilege log.

- 7 -

### F.        EXPERT WITNESSES

In addition to the protections afforded under Federal Rule of Civil Procedure 26(b)(4), the parties have agreed that draft expert reports, expert work product, and communications between attorneys and experts in this matter are not subject to discovery, except to the extent that such documents or communications are relied upon for an expert's opinion.

### G.        EMAIL SERVICE AGREEMENT

The parties have agreed that documents not filed with the Court, as well as those filed electronically with the Court, shall be served by e-mail to distribution lists specified by each party.[1]   The parties have agreed to serve courtesy copies of discovery requests in Microsoft Word format, and the parties have also agreed to serve on the other party by the same e-mail distribution lists any third-party discovery requests and responses.

---

[1] Service shall be deemed effective if made by midnight eastern time.

## III.        LOCAL RULE 16.1 TOPICS

### 1.      PROPOSED PRETRIAL SCHEDULE

| Event | MIT's Proposed deadline | VIZIO's Proposed deadline |
|---|---|---|
| Exchange initial disclosures - FRCP 26(a)(1) | June 11, 2013 | June 11, 2013 |
| Rule 16 Scheduling Conference - FRCP 16(b); L.R. 16.1 | June 17, 2013, as set by the Court | June 17, 2013, as set by the Court |
| Preliminary infringement disclosures and accompanying documents - L.R. 16.6 | July 17, 2013 - 30 days following Scheduling Conference | July 17, 2013 - 30 days following Scheduling Conference |
| Deadlines to join additional parties without leave of Court | September 16, 2013 | August 16, 2013 |
| Deadline to file amended pleadings without leave of court | September 16, 2013 | August 16, 2013 |
| Preliminary non-infringement, invalidity disclosures and accompanying documents - L.R. 16.6 | September 16, 2013 - 60 days following infringement disclosures | September 16, 2013 - 60 days following infringement disclosures |
| Exchange list of claim terms to be construed | November 15, 2013 – 60 days following invalidity and non-infringement disclosures | December 30, 2013 – Two weeks before L.R. 16.6 exchange of claim terms and constructions |
| Meet and confer to reduce the number of disputed claim terms | November 22, 2013 – 7 days following exchange of lists of claim terms to be construed | January 7, 2014 – One week before L.R. 16.6 exchange of claim terms and constructions. |
| Deadline for substantial completion of document production | December 1, 2013 | |
| Exchange list of claim terms, proposed constructions, and support – L.R. 16.6 | December 13, 2013 – 21 days from meet and confer | January 14, 2014 – 120 days following invalidity and non-infringement disclosures |
| Meet and confer to narrow differences in proposed constructions and reach any agreed constructions | December 20, 2013 – 7 days following exchange of proposed constructions | January 21, 2014 - 7 days following exchange of lists of claim terms |
| File preliminary claim construction briefs (35 pages) – L.R. 16.6 | January 17, 2013 - 28 days from meet and confer | February 4, 2014 - 21 days from exchange of terms and claim constructions |
| File responsive claim construction briefs (20 pages) | February 7, 2014 - 21 days from preliminary briefs | February 25, 2014 - 21 days from preliminary briefs |

| Event | MIT's Proposed deadline | VIZIO's Proposed deadline |
|---|---|---|
| File joint claim construction and prehearing statement | February 21, 2014 - 14 days after reply briefs | March 11, 2014 - 14 days after reply briefs |
| Technology tutorial | At the Court's convenience but preferably the day before or of the claim construction hearing | At the Court's convenience but preferably the day before or of the claim construction hearing |
| Claim construction hearing | At the Court's convenience but preferably not later than March 7, 2014 | At the Court's convenience, but estimated April 2014 |
| Court's claim construction order | At the Court's convenience | At the Court's convenience |
| Deadline to amend preliminary infringement, non-infringement, and invalidity disclosures – L.R. 16.6 | April 4, 2014 | March 2014 - 30 days before the claim construction hearing |
| Mediation | Within 30 days of claim construction order issuing | Within 30 days of claim construction order issuing |
| Deadline to amend preliminary infringement, non-infringement, and invalidity disclosures in view of claim construction ruling  - L.R. 16.6 | 30 days following claim construction order | 30 days following claim construction order |
| Post-Markman status conference | To be set if necessary | September 2014 |
| Close of fact discovery | May 30, 2014

*if claim construction order issues after May 1, 2014, the parties may request leave for up to an additional 30 days for limited fact discovery after the claim construction ruling issues | October 2014 |
| Deadline to disclose expert testimony on issues on which the party bears the burden of proof | June 27, 2014 but if claim construction ruling has not issued by June  6, 2014, then the parties will meet and confer to adjust the schedule so as to allow at least 21 days from the issuance of the claim construction order | November 2014 |
| Deadline to disclose rebuttal expert testimony | July 25, 2014 or 4 weeks from opening expert reports if the date for opening reports is | December 2015 |

| Event | MIT's Proposed deadline | VIZIO's Proposed deadline |
|---|---|---|
|  | moved |  |
| Close of expert discovery | August 21, 2014 | January 2015 |
| Deadline to file dispositive motions; Daubert motions | September 12, 2014 | February 2015 |
| Deadline to file briefs opposing dispositive motions; Daubert motions | October 7, 2014 | March 2015 |
| Deadline to file reply briefs in support of dispositive motions; Daubert motions | Two weeks after Opposition briefs | Two weeks after Opposition briefs |
| Hearing on dispositive motions; Daubert motions | At the Court's convenience, but preferably no later than October 17, 2014 | April 2015 |
| Last day to file pre-trial disclosures (identification of witnesses, deposition designations, identification of exhibits) | October 24, 2014 | May 2015 |
| Last day to file motions in limine | November 6, 2014 | June 2015 |
| Exchange objections to the use of evidence identified in pretrial disclosures and deposition counter-designations | November 18, 2014 | June 2015 |
| Last day to file oppositions to motions in limine; exchange objections to deposition designations | November 25, 2014 | June 2015 |
| Last day to confer on pretrial conference statement, proposed witnesses, exhibits, deposition designations and objections to same | December 8, 2014 | July, 2015 |
| Last day to file joint pretrial statement | December 18, 2014 | July 2015 |
| Last day to file trial briefs, if required | January 6, 2015 | July 2015 |
| Final pretrial conference | January 12, 2015 | August 2015 |
| Trial begins | January 14, 2015 or at the Court's convenience. The parties anticipate the trial will take 10 court days. | August 2015 or at the Court's convenience. The parties anticipate the trial will take 10 court days. |

## 2.   CONSENT TO TRIAL BY MAGISTRATE JUDGE

The parties do not consent to trial by magistrate judge.

## 3.   FILING OF MOTIONS

Neither party requests a departure from the Court's rules on motions at this time.

## 4.   CERTIFICATIONS

The parties will individually file the certifications required under Local Rule 16.1(d)(3).

## IV.   LOCAL RULE 16.6 TOPICS

### 1.   TIMING FOR DISCLOSING INITIAL INFRINGEMENT AND INVALIDITY POSITIONS

In accordance with the parties' proposed pretrial schedule, *see supra* Section III.1, the

parties agree that MIT shall serve its preliminary infringement disclosure and produce

accompanying documents and/or identify any supporting documents previously produced by 30

days after the Rule 16 Scheduling Conference, and that VIZIO shall serve its preliminary non-

infringement and invalidity disclosures and produce accompanying documents and/or identify

any supporting documents previously produced by 60 days after MIT serves its preliminary

infringement disclosures.

### 2.   PROCESS FOR IDENTIFYING DISPUTED CLAIM TERMS, EXCHANGING PROPOSED CONSTRUCTIONS, AND CLAIM CONSTRUCTION BRIEFING

The parties propose the following process for identifying disputed claim terms and

exchanging proposed claim constructions:

First, the parties shall simultaneously exchange a list of claim terms to be construed.  The

parties, however, do not agree on when that exchange should take place.  MIT proposes that the

exchange take place no later than 60 days after preliminary non-infringement and invalidity

disclosures are due (as noted above), because that is sufficient time to identify any terms

requiring construction.  VIZIO proposes that the exchange of claim terms for construction take place two weeks before the exchange of proposed constructions—the exchange of proposed constructions is set for 120 days after service of preliminary non-infringement and invalidity disclosures, as suggested by L.R. 16.6.  MIT maintains that 120 days is excessive to the needs of this case and will unnecessarily delay the case, particularly given the stated goal in Local Rule 16.1(f)(9) of reaching the final pretrial conference within 18 months from filing (although several pleading extensions have been granted thus far, and some accommodation is needed in view of the number of asserted patents).  Considering MIT asserts four patents, VIZIO maintains there is no need or sufficient reason to truncate the Court's preferred claim construction schedule outlined in L.R. 16.6, Appendix E.

Second, the parties shall thereafter meet and confer within 7 days for the purpose of limiting the terms in dispute.  MIT proposes that each side select no more than ten terms for construction.  VIZIO has not proposed any limit on the number of claim terms, and asserts ten terms per side is insufficient in view of MIT asserting four patents.

No later than 14 days after the initial meet and confer to select the claim terms to be construed (as noted above), the parties shall simultaneously exchange proposed constructions of each term identified by either party.  Each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.  Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced.  With respect to any supporting witness, percipient or expert, the identifying party

2823128

shall also provide a description of the substance of that witness's proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.

After exchanging proposed constructions, the parties shall meet and confer within seven days to narrow the differences in their proposed constructions.  Opening claim construction briefs shall be filed two weeks later, and responsive briefs three week after opening briefs.  A joint claim construction and prehearing statement shall be filed approximately two weeks after the responsive briefs are due.  The corresponding proposed dates and deadlines for these events are listed in the parties' proposed pretrial schedules above at Section III.1.

### 3.   CLAIM CONSTRUCTION HEARING

#### A.   WHETHER THE COURT WILL DECIDE CLAIM CONSTRUCTION THROUGH LIVE TESTIMONY AT A HEARING OR BASED ON THE PAPERS AND ATTORNEY ARGUMENT

The parties believe that it is too early to determine whether live testimony will be required.  The parties expect to address this issue in their joint claim construction and prehearing statement.

#### B.   TIMING OF CLAIM CONSTRUCTION

The dates and deadlines for claim construction are listed in the parties' proposed pretrial schedule, above at Section III.1.

### 4.   FORM, SCOPE, AND TIMING OF CLAIM CONSTRUCTION TUTORIAL

The parties believe that a tutorial on the relevant technology will benefit the Court.  As noted above at Section III.1, the parties propose that the tutorial take place at the Court's convenience but preferably the day prior to the day of the Claim Construction Hearing.

5. **IDENTIFICATION OF DISPOSITIVE ISSUES THAT MAY LEAD TO EARLY RESOLUTION OF THE LITIGATION**

The parties believe that, at this time, there are no dispositive issues that may lead to an early resolution of the litigation.

6. **WHETHER THE COURT SHOULD AUTHORIZE FILING UNDER SEAL OF ANY DOCUMENTS THAT CONTAIN CONFIDENTIAL INFORMATION**

The parties request that the Court authorize the filing under seal of any documents that contain confidential information.

7. **ELECTRONICALLY STORED INFORMATION**

A.   **ESI Sources To Be Searched**

**Shared ESI Sources:**  sources that are typically accessed and maintained by multiple individuals (e.g., servers, shared network drives, document management systems, intranets, extranets, websites, and databases).  Each party will conduct a diligent search of reasonably accessible, shared sources in which it has reason to believe relevant ESI responsive to discovery requests will be found.  Searches of shared ESI sources may be performed using search terms according to Search Methodology (Section IV.7.B below).

**Personal ESI Sources:**  sources that are typically accessed and maintained by a single individual (e.g., personal network folders, personal email accounts, and personal hard drives). Each party will search the personal electronic files of particular ESI custodians according to Search Methodology (Section IV.7.B) below.  The parties agree, however, that personal email accounts need not be searched for relevant documents except according to the provisions set forth in Section IV.7.C.

### B.    Search Methodology

Each party may employ an electronic search to locate relevant electronic documents.  The parties shall meet and confer to reach agreement as to the method of searching, the selection of search terms to be used for the searching, and the identity of Shared ESI Sources each party will search.  Before meeting and conferring, the parties shall disclose any restrictions as to scope and method that might affect their ability to conduct a complete electronic search of the electronic documents.

If a requesting party disagrees with any search term, the parties will meet and confer about such limitations.

### C.    Limitation on E-Mail Discovery

The parties hereby agree to limit discovery of e-mails to those in the possession of identified custodians, as defined below, subject to certain specified exceptions outlined in this agreement.

This agreement does not affect the obligation of the parties to search for and produce relevant, responsive, non-cumulative documents attached to e-mails that the parties know or have reason to believe exist, or electronic documents that are stored separately from e-mail, for example on servers, external hard drives or in databases.

Each producing party will identify its own custodians whom the producing party in good faith believes are likely to have the most relevant e-mails and who collectively are likely to have e-mail collections broad enough to cover the subject matter of this litigation to the extent such materials exist within that party's possession, custody or control.  Within two weeks of identification of custodians by the producing party, the receiving party may identify additional custodians from the producing party.  If a party disagrees with the identification of a custodian,

- 16 -

the parties shall meet and confer regarding the identified custodians if requested to do so, and the

parties shall make reasonable adjustments to the identified custodians in good faith.

**MASSACHUSETTS INSTITUTE OF TECHNOLOGY**

By its attorneys,

*/s/ Scott McConchie*
Thomas F. Maffei (BBO 313220)
Scott McConchie (BBO 634127)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110
(617) 542-9900
tmaffei@gtmllp.com
smcconchie@gtmllp.com

Morgan Chu, *pro hac vice*
David Gindler, *pro hac vice*
Christopher A. Vanderlaan, *pro hac vice*
Laura E. Evans, *pro hac vice*
H. Annita Zhong, *pro hac vice*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010

Dated: June 10, 2013

**VIZIO, INC.**

By its attorneys,

*/s/ John C. La Liberte*
John C. La Liberte (BBO #556046)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000
jclaliberte@sherin.com

Todd E. Landis *(pro hac vice)*
State Bar No. 24030226
tlandis@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: 214.969.2800
Facsimile:  214.969.4343

Kevin G. McBride *(pro hac vice)*
kmcbride@akingump.com
Eric R. Garcia
ergarcia@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: 213.254.1200
Facsimile:   213.254.1201

James L. Duncan III *(pro hac vice)*
State Bar No. 24059700
jduncan@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Telephone: 713.220.5800
Facsimile: 713.236.0822

- 18 -

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 10, 2013.

/s/   *Scott McConchie*
Scott McConchie