**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

          Plaintiff,

    vs.

VIZIO, INC.,

          Defendant.

Civil Action No. 1:12-cv-10900-DJC

**LEAVE TO FILE GRANTED ON
NOVEMBER 22, 2013**

---

**VIZIO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS MIT'S CLAIMS OF
INDIRECT AND WILLFUL INFRINGEMENT**

---

I.      INTRODUCTION

MIT's Opposition Brief is long on argument, but comes up short on alleged facts

necessary to sustain its claims of indirect infringement and willful infringement.  MIT does not

dispute that a proper claim for indirect infringement requires pleading sufficient facts that VIZIO

had (1) actual knowledge of the patents-in-suit, and (2) actual knowledge of the allegedly

infringing activity.  *See* Dkt. 74, pg. 9-10.  MIT argues that it has satisfied this pleading

requirement by alleging essentially two factual scenarios:  1) VIZIO had actual knowledge of the

patents-in-suit because MIT allegedly offered VIZIO a license or so informed VIZIO of the

asserted patents, and 2) VIZIO was willfully blind to the MIT patents through MIT's

involvement in standards bodies, MIT's licensing program, and VIZIO's use of those standards

for its products.  These factual allegations, however, are not sufficient to support MIT's claims.

First, MIT alleges it "so informed VIZIO" (*Id*. at 9, ¶ 24), but the FAC does not describe

what VIZIO was informed of or how.  The only actual communication alleged in the FAC is that

of a license offer.  (*Id*. ¶ 11).  A license offer alone, however, is not tantamount to putting VIZIO

on notice that it is allegedly infringing the patents-in-suit.  The FAC does not allege any facts

concerning the nature of the license offer to suggest it put VIZIO on notice of its alleged

infringing activity.  Contrary to MIT's argument (*Id*. at ¶ 10), knowledge of the patents-in-suit

alone does not end the inquiry.  As a result, the allegations concerning a license offer and "so

informing" VIZIO are not sufficient to support MIT's claims.

As to willful blindness, MIT points to allegations that VIZIO had knowledge of certain

standards documents.  Yet, the documents are only alleged to disclose that "conformance with

this specification may require use of an invention covered by patent rights," and that MIT is "an

owner of patents relating to the MPEG 2 standard."  *Id*. at ¶ 9.  Those statements, however, fall

short of sufficiently pleading willful blindness. MIT has not alleged, nor can it allege, that the

standards documents identify even a single asserted patent or that they indicate that any of the

asserted patents are allegedly necessary to the standard.

Of course, MIT knows this, which is why it argues that based on this information VIZIO

had a "duty to investigate" MIT's patents. *Id*. at ¶ 11.  But a "duty to investigate" is insufficient

to support a plausible claim of willful blindness, as shown by the cases previously cited by

VIZIO (*see* Dkt. 68, at 14-16)—cases that were never addressed by MIT in its response.  In

addition, MIT points to no factual allegation of a deliberate action by VIZIO to blind itself to its

allegedly infringing conduct.  Thus, MIT has failed to show that it has pled sufficient facts for a

plausible claim of indirect infringement based on willful blindness.

MIT's claim for willful infringement relies on the same facts as its claim for indirect

infringement.  But as explained above, MIT failed to properly plead facts supporting actual

knowledge of the asserted patents or the allegedly infringing conduct.  Moreover, the Federal

Circuit specifically rejected a "duty to investigate" as a plausible claim for willful infringement.

Thus, the Court should also dismiss MIT's claim for willful infringement.

## II.    MIT HAS NOT PLED FACTS SHOWING VIZIO HAD ACTUAL KNOWLEDGE OF ANY ALLEGED INFRINGEMENT

In Section IV. A. of its opposition brief, MIT addresses the issue of actual knowledge.

But MIT only argues that VIZIO had actual knowledge of the patents.  *See* Dkt. 74, at 11-14.

While VIZIO disagrees with MIT's arguments, MIT does not even argue that it has pled

sufficient facts alleging VIZIO's actual knowledge of any infringing activity. *See id*.  MIT's

failure to properly plead knowledge of the infringing activity, by itself, makes MIT's allegations

of actual knowledge insufficient to support the indirect infringement claims.

In essence, MIT relies on allegations that it offered a license to VIZIO (or so informed

VIZIO), or that VIZIO should have known of MIT's patents because of the standards (which do

not identify any patents).  Nowhere in its FAC does MIT provide substantive facts about VIZIO's

knowledge of any allegedly infringing conduct.  Instead, as shown by MIT's statement of facts, it

only relies on conclusory allegations that VIZIO knew, or should have known, of infringement

without any factual backdrop.  *See* Dkt. 74, at 8.  Further, merely relying on an offer to license,

without more facts, is insufficient to plead knowledge of infringing conduct for indirect

infringement.  *See IPVenture, Inc. v. Lenovo Group, Ltd.*, C.A. No. 11-588-RGA, 2012 WL

2564893, at *1-2 (D. Del. June 29, 2012); *Emblaze Ltd v. Apple Inc.*, No. C 11-01079 SBA, 2012

WL 5940782, at *7 (N.D. Cal. Nov. 27, 2012).

### III.  WILLFUL BLINDNESS REQUIRES MORE THAN A DUTY TO INVESTIGATE ANOTHER'S PATENTS

The Federal Circuit in *Global-Tech* conceded that "willful blindness" is an exception to

the statutory rule requiring a plaintiff to plead (and ultimately prove) actual knowledge.  *Global-*

*Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2072 (2011).  Willful blindness only applies

in extraordinary circumstances—the standard for willful blindness is even higher than

recklessness.  *Id.* at 2070-71.  Contrary to MIT's response, VIZIO applied the proper pleading

standard for willful blindness—does the FAC allege facts sufficient to conclude that it is

plausible that VIZIO engaged in willful blindness.  *See* Dkt. 68, at 9-12.  In fact, VIZIO cites

cases dismissing insufficiently pled claims of willful blindness.  Instead of addressing these

cases, MIT relies on the inapposite *Digital Walker* case which concerned post-suit indirect

infringement and does not address willful blindness.  *See Walker Digital, LLC v. Facebook, Inc.*,

852 F. Supp. 2d 559, 565-566 (D. Del. 2012).

MIT relies on three allegations to support the plausibility of its claim for willful

blindness:  (1) the standards documents, in an ancillary annex, mention MIT potentially owns

patents; (2) VIZIO is required by federal law to adopt the standards; and (3) thus, VIZIO was

willfully blind by "failing to investigate" MIT's patents and allegations of infringement.  *See*

Dkt. 74, at 15.  In essence, MIT now argues that VIZIO, simply because it complied with

standards, should have located all of MIT's patents, analyzed whether any of them are essential

to the standards (there are no documents identifying which of MIT's patents cover standards),

and then performed an infringement analysis.  *See* Dkt. 74, at 12.  Even if MIT's allegations are

true, MIT's reliance on an affirmative "duty to investigate" is misplaced because a duty to

investigate cannot support the plausibility of a claim for willful blindness.

The cases cited in VIZIO's opening brief show that courts, applying *Global-Tech*, will

dismiss claims of willful blindness that are based on this type of a "duty to investigate."  *See*

*Vasudevan Software, Inc. v. Tibco Software, Inc.*, No. C 11-06638 RS, 2012 U.S. Dist. LEXIS

69952, at *17-19 (N.D. Cal. May 17, 2012) (mere speculation that a potential patent existed is

insufficient—the defendant did not have an affirmative duty to investigate even when it knew of

the pending patent application that resulted in the patent-in-suit); *Monec Holding AG v. Motorola*

*Mobility, Inc.*, 897 F. Supp. 2d 225, 231 (D. Del. 2012) (rejecting any duty to investigate even

where the plaintiff pled the defendant "likely monitors the activities of its primary competitors").

In its opposition, MIT relies on *Softview*, but the court in that case actually dismissed a number

of the plaintiff's claims for indirect infringement because the plaintiff pled that the defendant

knew of the patent-in-suit due to its widely publicized licensing program.  *See Softview LLC v.*

*Apple, Inc., et al.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *6-7 (D. Del. July 26, 2012).

For a claim of willful blindness, the defendant must be one "who can almost be said to

have known the critical facts."  *Global-Tech*, 131 S. Ct. at 2070-71.  MIT's reliance on a "duty to

investigate" is a tacit admission that its pleading falls far short of establishing a plausible claim

of willful blindness.

4

In an attempt to cure its FAC's deficiencies, MIT now includes a bevy of "new" facts not previously pled in the FAC. *See* Dkt. 74, at 21-24. These "new" facts, however, simply reiterate the same deficient, previously-pled facts—that VIZIO was willfully blind because MIT is mentioned in standards documents, including its patent statement—yet those documents fail to identify even a single patent, let alone any of the patents-in-suit. *Id*. According to MIT's interpretation, the mere fact that MIT is mentioned in a standards document, or claims to have standards-essential patents, triggers a "duty to investigate" by all television manufacturers. In essence, MIT is trying to eliminate its statutory duty to plead and prove knowledge by the alleged infringer, instead trying to shift the burden to the defendant by imparting a "duty to investigate." These new allegations do not cure the deficiencies in the FAC—they too fall far outside the scope of *Global-Tech* and fail to establish a plausible claim of willful blindness.

## IV.    MIT FAILS TO RECOGNIZE THE PROPER PLEADING REQUIREMENTS FOR WILLFUL INFRINGEMENT

Contrary to MIT's response, VIZIO's Memorandum in Support addressed the pleading requirements for willful infringement. *See* Dkt. 68, at 7. At the pleading stage, willful infringement must be pled with "facts giving rise to at least a showing of objective recklessness of the infringement risk. *See Monec*, 897 F. Supp. 2d at 236. Part of that pleading requires alleging facts that VIZIO knew of the patents and the allegedly infringing conduct, or was in reckless disregard of those facts. *See Aeritas v. Alaska Air Group, Inc.*, C.A. No. 11-967-SLR , 2012 WL 4470386, at *4 (D. Del. Sept. 28, 2012); *Monec*, 897 F. Supp. 2d at 236. As VIZIO previously showed, MIT only provides vague and conclusory allegations of VIZIO's actual knowledge of the asserted patents and any allegedly infringing acts. Further, any "duty to investigate" in the context of willful infringement was explicitly rejected by the Federal Circuit.

*See In re Seagate Tech. LLC*, 497 F.3d 1360, 1370 (Fed. Cir. 2007).  Thus, MIT's claims of

willful infringement should also be dismissed.

<div style="margin-left:40%">

Respectfully submitted,

VIZIO, Inc.

</div>

Dated:  November 22, 2013

<div style="margin-left:40%">

/s/    Brendan T. St. Amant
T. Christopher Donnelly (BBO # 129930)
Brendan T. St. Amant (BBO # 672619)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
Telephone:  (617) 720-2880

Todd E. Landis *(pro hac vice)*
State Bar No. 24030226
tlandis@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
Telephone:  214.969.2800
Facsimile:  214.969.4343

Kevin G. McBride *(pro hac vice)*
kmcbride@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone:  213.254.1200
Facsimile:  213.254.1201

James L. Duncan III *(pro hac vice)*
State Bar No. 24059700
jduncan@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Telephone:  713.220.5800
Facsimile:  713.236.0822

</div>

## CERTIFICATE OF SERVICE

Pursuant to L.R. 5.2(b)(2) and 5.4 of the Local Rules of the United State District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Brendan T. St. Amant
Brendan T. St. Amant